July 8, 2024

IN THE UNITED STATES DISTRICT )
COURT FOR THE SOUTHERN DISTRICT )
OF NEW YORK )
)
)
)
**Mark Appelgren, Pro Se** ) Case No. **24 CV 5440**
3718 Columbia Pike, Apt. 2 )
Arlington, VA 22204 )
        Complainant/Plaintiff )
)
)
vs. )
)
**City of New York,** ) Date Formal Filed: 07/18/2024
)
)
and )
)
)
**New York City Mayor's Office,** )
City Hall Park )
York, NY 10007 )
)
)
and )
)
**New York City Police Department** )
**(NYPD),** )
One Police Plaza )
New York, NY 10038 )
)
)
and )
)
**New York City Police Department** )
**NYPD Officers John Does 1-10,** )
One Police Plaza )
New York, NY 10038 )
        Defendants )

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), VIOLATION OF RIGHTS 38 USC SECTION 12291,, VIOLATION OF NEW YORK PENAL LAW §120.10, FAILURE, TO TRAIN AND SUPERVISE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND GROSS NEGLIGENCE

I. INTRODUCTION

    1.    This is a civil rights action brought under 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's rights under the United States Constitution, specifically the Fourteenth Amendment Equal Protection Clause. This case seeks redress for the Violation of Civil Rights, Gross Negligence, and failure to provide appropriate law-enforcement response by the City of New York, the New York City Mayor's

office, the New York City Police Department (NYPD), and certain NYPD officers ("Defendants"). These failures resulted in severe emotional distress and endangerment of Plaintiff stemming from the NYPD's failure to recognize and appropriately address Plaintiff's status as a male survivor/victim of domestic violence.

2. Plaintiff invokes the protections of 38 U.S.C. § 12291, Violence Against Women Act (VAWA), which safeguards survivors of domestic violence irrespective of gender. Despite these federal protections, Defendants failed to acknowledge Plaintiff's status as a survivor of massive violence, as exemplified by the events of October 13, 2023, when Plaintiff was violently assaulted at 23 West 126th Street, Harlem, New York. The assailant attempted to murder Plaintiff by striking Plaintiff in the head several times and kicking Plaintiff's leg in an attempt to push Plaintiff down a flight of stairs.

3. In addition to federal law, New York State Penal Law Section 120.10 defines assault in the first degree, which includes situations involving serious physical injury and actions that would constitute a crime of domestic violence. Despite the applicability of these state laws, the NYPD's response to this incident was grossly inadequate. Despite Plaintiff's attempts to report the assault at both the 32nd and 28th Precincts, officers dismissed Plaintiff's report multiple times, and when a report was finally filed on November 25, 2023, it was inaccurately classified as a minor verbal altercation. This mishandling demonstrates a systemic failure to protect and serve male survivors of domestic violence, perpetuating a pattern of discrimination and neglect.

4. This complaint alleges violations of Plaintiff's constitutional rights under the Fourteenth Amendment, specifically the Equal Protection Clause, as well as federal statutory rights under 38 U.S.C. § 12291 and New York State law under Penal Law Section 120.10. Defendants' actions and omissions constitute deliberate indifference to Plaintiff's safety and rights, causing severe and ongoing emotional distress, fear for personal safety, and additional harm due to their failure to provide necessary assistance and resources mandated by law.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this case arises under federal civil rights laws. Additionally, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in this district, and Defendants conduct substantial business in this district. The

assaults and mishandling of Plaintiff's report occurred within the Southern District of New York, making it the appropriate venue for this action.

## III. PARTIES

7. Plaintiff, Mark Appelgren, is an individual residing at 3718 Columbia Pike, Arlington, VA 22204

8. Defendant, the City of New York, is a municipal corporation in the State of New York.

9. Defendant, the New York City Mayor's Office, is the executive office of the City of New York, located at New York City Hall, New York, NY 10007.

10. Defendant, the New York Police Department, is a municipal agency of the City of New York, headquartered at One Police Plaza, New York, NY 10038.

11. Defendants, NYPD Police Officers JOHN DOES (1-10), names unknown at this time, are individuals employed by the NYPD and were acting under color of state law at all times relevant to this complaint.

## IV. FACTUAL ALLEGATIONS

12. On October 13, 2023, at approximately 4:00 am, Plaintiff was violently assaulted at 23 West 126th Street, Harlem, New York.

13. The assault was a domestic violence incident involving an individual Plaintiff had met online and with whom Plaintiff had previously been intimate.

14. The assailant attempted to murder Plaintiff by striking Plaintiff in the head several times and kicking Plaintiff's leg several times in an attempt to push Plaintiff down a flight of stairs.

15. The assailant also hid Plaintiff's personal belongings, including a wallet containing a debit card, Florida driver's license, credentials as a special agent with the US Treasury Department, and phone and iPad chargers.

16. Plaintiff managed to escape the violent assault safely and proceeded to the 32nd Precinct, located at 250 West 135th St., New York, NY 10030, to file a police report.

17. Officers at the 32nd Precinct refused to take the report and directed Plaintiff to the 28th Precinct, located at 22 71–80 9 8th Ave., New York, New York, NY 10027.

18. Upon arrival at the 28th Precinct, NYPD officers again failed to take Plaintiff's report of domestic violence and attempted murder, seriously and dismissed Plaintiff without collecting any information regarding the incident.

19. Plaintiff attempted several times on the date, and after the date of the incident to have a police report taken via telephone at the precinct main number, as well as the detective of the domestic violence unit of the NYPD 28th precinct.

20. Plaintiff made the above attempts to have his report filed with the NYPD in-person; NYPD officers refused to take any report regarding the incident.

21. Plaintiff eventually had his police report filed on November 25, 2023; regarding the October 13, 2023, incident of the assault and attempted murder when plaintiff filed in-person at the 28th precinct of the NYPD.

22. As a result of NYPD's failures to have taken the plaintiff police report on the day of the incident of October 13, 2023, but instead on November 25, 2023, The Plaintiff had to re-live and was re-traumatized and re-victimized of the incident of October 13, 2023.

23. The NYPD Police Officer who took Plaintiff's report falsely classified the assault and attempted murder as a verbal altercation, minimizing the severity of the incident.

24. Plaintiff contacted the NYPD domestic violence hotlines at the 28th precinct and left several voicemails and, to date, has still not received any response or any assistance.

25. The NYPD's failure to properly address Plaintiff's report has caused significant emotional distress and a sense of re-victimization.

26. The the actions and omissions of the NYPD, the city of New York, the New York City mayors office and certain NYPD officers defendants liberate inference to Plaintiff's right and safety as protected under the United States Constitution and federal statutory law, including 38 USC section 12 291 with safeguards male survivors of Domestic Violence. Federal Statute Title 38 U.S.C. § 12291 is not gender specific; nor gender excluding.

27. NYPD failed to properly investigate and respond to the assault had they taken the matter seriously under New York penal law section 120.10 assault in the first degree.

28. The City of New York, the NYPD, and NYPD Officers' negligence and discriminatory bias led to the misclassification and improper investigation of the incident, violating both federal and state laws designed to protect survivors of violence.

29. Plaintiff has sought psychiatric counseling to address the trauma caused by the assault and the inadequate response by the NYPD officers.

V. CLAIMS FOR RELIEF

Count I: Violation of Civil Rights (42 U.S.C. § 1983)

30. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

31. Defendants acting under color of state law, deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States.

32. Defendants' actions and inactions constitute a violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

33. Defendants' failures to take plaintiff report seriously improperly investigate. The incident was motivated by discriminatory bias against all males, but specifically homosexual males.

Count II: Failure to Train and Supervise (42 U.S.C. § 1983)

34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

35. The City of New York and the NYPD failed to properly train and supervise their officers regarding the handling of domestic violence cases, especially concerning male survivors.

36. This failure to train and supervise amounts to deliberate indifference to the rights of male survivors of domestic violence, including Plaintiff.

37. As a direct result of this failure, Plaintiff suffered harm and was denied equal protection under the law.

Count III: Gross Negligence

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

39. Defendants owed a duty of care to Plaintiff to properly investigate and respond to reports of assault and domestic violence.

40. Defendants breached this duty by failing to take Plaintiff's report seriously, failing to provide appropriate assistance, and misclassifying the nature of the assault.

41. As a direct and proximate result of Defendants' gross negligence, Plaintiff has suffered and continues to suffer emotional distress, anxiety, and fear for personal safety.

Count IV: Intentional Infliction of Emotional Distress

42. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

43. Defendant's actions were intentional, reckless, and outrageous.

44. Defendant's conduct caused Plaintiff severe emotional distress, anxiety, and humiliation.

## VI. DAMAGES

45. As a direct and proximate result of the NYPD's negligence, failure to investigate, and failure to train its officers, Plaintiff has suffered and continues to suffer severe mental anguish, pain, and suffering.

46. Plaintiff relives the incident repeatedly, experiencing ongoing emotional distress and trauma.

47. Plaintiff has incurred medical expenses for psychological treatment and counseling to address the trauma caused by the incident and the NYPD's subsequent failure to act.

48. Plaintiff seeks compensatory damages for pain and suffering, emotional distress, medical expenses, and other related costs in an amount to be determined at trial.

49. Plaintiff also seeks punitive damages to hold the NYPD accountable for their gross negligence and failure to protect citizens adequately.

50. Plaintiff incorporates by reference all the allegations contained in the preceding paragraphs.

51. Plaintiff is entitled to damages as a result of Defendants' violations, including but not limited to:

a. Compensatory damages in an amount to be determined at trial for medical expenses, pain and suffering, and loss of enjoyment of life.

b. Punitive damages in an amount sufficient to punish Defendants and deter similar conduct in the future,

c. Medical expenses incurred due to health complications,

d. Emotional distress and mental anguish,

e. Prejudgment and postjudgment interest as permitted by law.

f. Attorneys' fees and costs associated with this action.

g. Any other relief that this Court deems just and proper.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, awarding Plaintiff:

A. Enter judgment in favor of Plaintiff and against Defendants on all claims;

B. Award Plaintiff compensatory damages in an amount to be determined at trial for medical expenses, pain and suffering, and emotional distress;

C. For prejudgment and post judgment interest as permitted by law;

D. Award Plaintiff punitive damages in an amount to be determined at trial;

E. Award Plaintiff reasonable attorneys' fees and costs pursuant to applicable law;

F. Grant such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Mark Appelgren

3718 Columbia Pike, Apt. 2

Arlington, VA 22204

Mark.Appelgren0701@yahoo.com

201-232-1441

VERIFICATION

I, Mark Appelgren, verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: July 18, 2024

*[signature]*

Mark Appelgren

Plaintiff, Pro Se