August 21, 2024

IN THE UNITED STATES DISTRICT )
COURT FOR THE SOUTHERN DISTRICT )
OF NEW YORK )
)
)
)
**Mark Appelgren, Pro Se** )
3718 Columbia Pike, Apt. 2 )
Arlington, VA 22204 ) Case No.: 24-CV-5440
                    Complainant/Plaintiff )
)
v. )
)
**City of New York,** ) Date Formal Filed:   08/21/2024
)
and )
)
**New York City Mayor's Office,** )
City Hall Park )
York, NY 10007 )
)
and )
)
**New York City Police Department** )
**(NYPD),** )
One Police Plaza )
New York, NY 10038 )
)
and )
)
**New York City Police Department** )
**NYPD Officers John Does 1-10,** )
One Police Plaza )
New York, NY 10038 )
                    Defendants )

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), VIOLATION OF RIGHTS UNDER (38 U.S.C. § 12291), VIOLATION OF NEW YORK PENAL LAW §120.10, FAILURE TO TRAIN AND SUPERVISE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, GROSS NEGLIGENCE, BREACH OF TRUST, BREACH OF CONTRACT, AND BREACH OF DUTY, FAILURE TO PROPERLY ACT ON ALLEGATIONS/COMPLAINTS

## FIRST AMENDED COMPLAINT

1. REMOVED "s" FROM "vs.".
2. Violation ADDED: (START/END) "BREACH OF TRUST ... ALLEGATIONS/COMPLAINTS".
3. ADDED "(", "U.S.C.", and ")".
4. REMOVED "," From § 12291.

# I. INTRODUCTION

1. This is a civil rights action brought under 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's rights under the United States Constitution, specifically the Fourteenth Amendment Equal Protection Clause. This case seeks redress for the Violation of Civil Rights, Gross Negligence, and failure to provide appropriate law-enforcement response by the City of New York, the New York City Mayor's office, the New York City Police Department (NYPD), and certain NYPD officers ("Defendants"). These failures resulted in severe emotional distress and endangerment of Plaintiff stemming from the NYPD's failure to recognize and appropriately address Plaintiff's status as a male survivor/victim of domestic violence.

2. Plaintiff invokes the protections of 38 U.S.C. § 12291, Violence Against Women Act (VAWA), which safeguards survivors of domestic violence irrespective of gender. Despite these federal protections, Defendants failed to acknowledge Plaintiff's status as a survivor of massive violence, as exemplified by the events of October 13, 2023, when Plaintiff was violently assaulted at 23 West 126th Street, Harlem, New York. The assailant attempted to murder Plaintiff by striking Plaintiff in the head several times and kicking Plaintiff's leg in an attempt to push Plaintiff down a flight of stairs

3. In addition to federal law, New York State Penal Law Section 120.10 defines assault in the first degree, which includes situations involving serious physical injury and actions that would constitute a crime of domestic violence. Despite the applicability of these state laws, the NYPD's response to this incident was grossly inadequate. Despite Plaintiff's attempts to report the assault at both the 32nd and 28th Precincts, officers dismissed Plaintiff's report multiple times, and when a report was finally filed on November 25, 2023, it was inaccurately classified as a minor verbal altercation. This mishandling demonstrates a systemic failure to protect and serve male survivors of domestic violence, perpetuating a pattern of discrimination and neglect.

4. This complaint alleges violations of Plaintiff's constitutional rights under the Fourteenth Amendment, specifically the Equal Protection Clause, as well as federal statutory rights under 38 U.S.C. § 12291 and New York State law under Penal Law Section 120.10. Defendants' actions and omissions constitute deliberate indifference to Plaintiff's safety and rights, causing severe and ongoing emotional distress, fear for personal safety, and additional harm due to their failure to provide necessary assistance and resources mandated by law.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this case arises under federal civil rights laws. Additionally, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in this district, and Defendants conduct substantial business in this district. The assaults and mishandling of Plaintiff's report occurred within the Southern District of New York, making it the appropriate venue for this action.

## III. PARTIES

7. Plaintiff, Mark Appelgren, is an individual residing at 3718 Columbia Pike, Arlington, VA 22204.

8. Defendant, the City of New York, is a municipal corporation in the State of New York.

9. Defendant, the New York City Mayor's Office, is the executive office of the City of New York, located at New York City Hall, New York, NY 10007.

10. Defendant, the New York Police Department, is a municipal agency of the City of New York, headquartered at One Police Plaza, New York, NY 10038.

11. Defendants, NYPD Police Officers JOHN DOES (1-10), names unknown at this time, are individuals employed by the NYPD and were acting under color of state law at all times relevant to this complaint.

## IV. FACTUAL ALLEGATIONS

12. On October 13, 2023, at approximately 4:00 am, Plaintiff was violently assaulted at 23

West 126th Street, Harlem, New York.

13. The assault was a domestic violence incident involving an individual Plaintiff had met online and with whom Plaintiff had previously been intimate.

14. The assailant attempted to murder Plaintiff by striking Plaintiff in the head several times and kicking Plaintiff's leg several times in an attempt to push Plaintiff down a flight of stairs.

15. The assailant also hid Plaintiff's personal belongings, including a wallet containing a debit card, Florida driver's license, credentials as a special agent with the US Treasury Department, and phone and iPad chargers.

16. Plaintiff managed to escape the violent assault safely and proceeded to the 32nd Precinct, located at 250 West 135th St., New York, NY 10030, to file a police report.

17. Officers at the 32nd Precinct refused to take the report and directed Plaintiff to the 28th Precinct, located at 22 71–80 9 8th Ave., New York, New York, NY 10027.

18. Upon arrival at the 28th Precinct, NYPD officers again failed to take Plaintiff's report of domestic violence and attempted murder seriously and dismissed Plaintiff without collecting any information regarding the incident.

19. Plaintiff attempted several times on the date, and after the date of the incident to have a police report taken via telephone at the precinct main number, as well as the detective of the domestic violence unit of the NYPD 28th precinct.

20. Plaintiff made the above attempts to have his report filed with the NYPD in-person; NYPD officers refused to take any report regarding the incident.

21. Plaintiff eventually had his police report filed on November 25, 2023, regarding the.

October 13, 2023, incident of the assault and attempted murder when plaintiff filed in-person at the 28th precinct of the NYPD.

22. As a result of NYPD's failures to have taken the plaintiff police report on the day of the incident of October 13, 2023, but instead on November 25, 2023, The Plaintiff had to re-live and was re-traumatized and re-victimized of the incident of October 13, 2023.

23. The NYPD Police Officer who took Plaintiff's report falsely classified the assault and attempted murder as a verbal altercation, minimizing the severity of the incident.

24. Plaintiff contacted the NYPD domestic violence hotlines at the 28th precinct and left several voicemails and, to date, has still not received any response or any assistance.

25. The NYPD's failure to properly address Plaintiff's report has caused significant emotional distress and a sense of re-victimization.

26. The actions and omissions of the NYPD, the City of New York, the New York City Mayor's Office, and certain NYPD officers constitute deliberate indifference to Plaintiff's rights and safety as protected under the United States Constitution and federal statutory law, including 38 U.S.C. § 12291, which safeguards male survivors of domestic violence. Federal Statute Title 38 U.S.C. § 12291 is not gender-specific nor gender-excluding.

27. NYPD failed to properly investigate and respond to the assault had they taken the matter seriously under New York Penal Law Section 120.10 assault in the first degree.

28. The City of New York, the NYPD, and NYPD Officers' negligence and discriminatory bias led to the misclassification and improper investigation of the incident, violating both federal and state laws designed to protect survivors of violence.

29. Plaintiff has sought psychiatric counseling to address the trauma caused by the assault and the inadequate response by the NYPD officers.

## V. CLAIMS FOR RELIEF

**Count I: Violation of Civil Rights (42 U.S.C. § 1983)**

30. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

31. Defendants, acting under color of state law, deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States.

32. Defendants' actions and inactions constitute a violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

33. Defendants' failures to take Plaintiff's report seriously and properly investigate the incident were motivated by discriminatory bias against males, specifically homosexual males.

**Count II: Failure to Train and Supervise (42 U.S.C. § 1983)**

34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

35. Defendants, including the City of New York, failed to adequately train and supervise NYPD officers, resulting in a violation of Plaintiff's constitutional rights.

36. Defendants' failure to provide proper training and supervision to NYPD officers constitutes deliberate indifference to the rights of male survivors of domestic violence.

37. As a direct result of this failure, Plaintiff suffered harm and was denied equal protection under the law.

Count III: Violation of 38 U.S.C. § 12291 (Violence Against Women Act – VAWA)

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

39. The Defendants failed to provide appropriate protection and services as required under 38 U.S.C. § 12291, which mandates that individuals, regardless of gender, receive protection as survivors of domestic violence.

40. Defendants' actions and omissions in failing to protect and adequately respond to Plaintiff's situation constitute a violation of Plaintiff's statutory rights under VAWA.

Count IV: Gross Negligence

41. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

42. Defendants' actions and inactions constitute gross negligence in failing to provide adequate assistance and protection to Plaintiff.

43. As a direct and proximate result of Defendants' Gross Negligence, Plaintiff has suffered and continues to suffer emotional distress, anxiety, and fear for personal safety.

44. Defendants owed a duty of care to Plaintiff to properly investigate and respond to reports of Assault and Domestic Violence.

45. Defendants breached this duty by failing to take Plaintiff's report seriously, failing to provide adequate assistance, and misclassifying the nature of the violent physical assault and attempted murder of the Plaintiff, just simply as a verbal altercation.

---

5. REMOVED/REPLACED Count III: Gross Negligence From Paragraphs 38 – 41.
6. Under CLAIMS FOR RELIEF, ADDED: Count III: Violation of 38 U.S.C. § 12291 (Violence Against Women Act – VAWA); REPLACEMENT: Count III: Gross Negligence.
7. Under CLAIMS FOR RELIEF, MOVED Count III. Gross Negligence to Count IV. Gross Negligence
8. Paragraph 42 – 44 ADDED
9. Paragraph 45, AMENDED/CHANGED: word "appropriate" to "adequate", ADDED: "of the violence physical assault and attempted murder of the Plaintiff, just simply as a verbal altercation."

Count V: Violation of New York Penal Law § 120.10

46. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

47. The NYPD's failure to properly investigate and respond to Plaintiff's report of assault, which involved serious physical injury, constitutes a violation of New York Penal Law § 120.10, which mandates investigation into serious assaults.

48. As a result of Defendants' actions and inactions, Plaintiff has suffered severe emotional distress.

Count VI: Intentional Infliction of Emotional Distress

49. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

50. Defendants' actions and inactions were extreme and outrageous and were intended to cause, or were done with reckless disregard of the probability of causing, emotional distress to Plaintiff.

51. As a result of Defendants' actions and inactions, Plaintiff has suffered severe emotional distress.

Count VII: Breach of Trust

52. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

53. Defendants' actions and inactions constituted a breach of the trust placed in them by

---

10. Under CLAIMS FOR RELIEF, ADDED: Count V: Violation of New York Penal Law § 120.10.
11. Paragraphs 46–48 ADDED.
12. Under CLAIMS FOR RELIEF, MOVED Count VI: Intentional Infliction of Emotional Distress FROM Count IV: Intentional Infliction of Emotional Distress
13. Paragraphs 49–51 MOVED FROM Paragraphs 42–44.
14. Under CLAIMS FOR RELIEF, ADDED: Count VII: Breach of Trust
15. Paragraphs 52 – 53 ADDED

Plaintiff as law enforcement officers and public officials.

54. As a result of Defendants' breach of trust, Plaintiff has suffered significant harm.

Count VIII: Breach of Contract

55. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

56. Plaintiff and Defendants had an implied contract whereby Defendants were to provide Plaintiff with protection and assistance as a survivor of domestic violence.

57. Defendants breached this contract by failing to properly investigate and respond to Plaintiff's report of assault and attempted murder.

58. As a result of Defendants' breach of contract, Plaintiff has suffered significant harm.

Count IX: Breach of Duty

59. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

60. Defendants had a duty to provide Plaintiff with protection and assistance as law enforcement officers and public officials.

61. Defendants breached this duty by failing to properly investigate and respond to Plaintiff's report of assault and attempted murder.

62. As a result of Defendants' breach of duty, Plaintiff has suffered significant harm.

---

16. Under CLAIMS FOR RELIEF, ADDED: Count VIII: Breach of Contract.
17. Paragraphs 55 – 58 ADDED.
18. Under CLAIMS FOR RELIEF, ADDED Count IX: Breach of Duty.
19. Paragraphs 59 – 62.

Count X: Failure To Properly Act On All Allegations/Complaints

63.     Plaintiff incorporates by reference all proceeding paragraphs as if fully set forth herein.

64.     defendants failed to take appropriate actions on plaintiff allegation of the mass of violence and attempted murder demonstrating a disregard for plaintiff safety and well-being.

65.     This failure to act on plaintiff allegation is a further violation of plaintiff, civil rights, and a contributing factor to the emotional and physical harm suffered by Plaintiff.

Count XI: Violation of New York Criminal Procedure Law § 140.10 (Duties of Police Officers)

66.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

67.     The NYPD's actions and omissions in failing to take Plaintiff's report seriously and investigate it properly violate the duties imposed on police officers under New York Criminal Procedure Law § 140.10. The NYPD did not initiate a timely and thorough investigation, failed to collect necessary evidence, and neglected to provide appropriate support to the Plaintiff.

68.     This failure to act on Plaintiff's allegations is a further violation of Plaintiff's civil rights and a contributing factor to the emotional and physical harm suffered by Plaintiff, including ongoing anxiety, distress, and a diminished quality of life.

Count XII: Violation of New York State Executive Law § 837 (Duties of Law Enforcement Agencies)

69.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

---

20. Under CLAIMS FOR RELIEF, ADDED: Count X: Failure to Properly Act on All Allegations/Complaints.
21. Paragraphs 63 – 65 ADDED.
22. Under CLAIMS FOR RELIEF, ADDED Count IV: Violation of New York Criminal Procedure Law § 140.10 (Duties of Police Officers).
23. Paragraphs 66 – 68.
24. Under CLAIMS FOR RELIEF, ADDED: Count V: Violation of New York State Executive Law § 837 (Duties of Law Enforcement Agencies).
25. Paragraph 69 ADDED.

70.  The NYPD's failure to follow established procedures in responding to Plaintiff's report of assault breaches the duties outlined in New York State Executive Law § 837. The agency did not document or investigate the crime properly and did not ensure Plaintiff's safety and protection.

71.  This failure to adhere to statutory duties has led to further trauma for Plaintiff, significantly impacting their emotional well-being and hindering their ability to seek appropriate justice and support.

Count XIII: Violation of New York City Police Department Patrol Guide

72.  Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

73.  The NYPD's neglect in following the protocols set forth in the Patrol Guide for handling serious incidents like assaults and domestic violence represents a breach of the department's own policies. The failure to follow proper procedures, including timely documentation and victim follow-up, has occurred.

74.  This failure to act according to internal guidelines has caused Plaintiff additional emotional distress and has prevented timely support and protection, exacerbating the harm experienced by Plaintiff.

Count XIV: Violation of New York State Constitution Article I, Section 12 (Right to Redress)

75.  Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

76.  The NYPD's failure to address Plaintiff's complaint appropriately infringes upon Plaintiff's right to seek redress for grievances as guaranteed under New York State Constitution Article I, Section 12. The inadequacy in handling the complaint obstructs Plaintiff's constitutional

---

26. Paragraphs 70 – 71 ADDED.
27. Under CLAIMS FOR RELIEF, ADDED: Count XIII: Violation of New York City Police Department Patrol Guide
28. Paragraphs 72 – 74.
29. Under CLAIMS FOR RELIEF, ADDED: Count XIV: Violation of New York State Constitution Article I, Section 12 (Right to Redress).
30. Paragraphs 75 – 76.

right to access remedies and justice.

77. This infringement has resulted in increased emotional suffering and a loss of confidence in the legal system, further impacting Plaintiff's overall well-being and sense of justice.

## VI. DAMAGES

78. As a direct and proximate result of the NYPD's negligence, failure to investigate, and failure to train its officers, Plaintiff has suffered and continues to suffer severe mental anguish, pain, and suffering.

79. Plaintiff relives the incident repeatedly, experiencing ongoing emotional distress and trauma.

80. Plaintiff has incurred medical expenses for psychological treatment and counseling to address the trauma caused by the incident and the NYPD's subsequent failure to act.

81. Plaintiff seeks compensatory damages for pain and suffering, emotional distress, medical expenses, and other related costs in an amount to be determined at trial.

82. Plaintiff also seeks punitive damages to hold the NYPD accountable for their gross negligence and failure to protect citizens adequately.

83. Plaintiff incorporates by reference all the allegations contained in the preceding paragraphs.

84. Plaintiff is entitled to damages as a result of Defendants' violations, including but not limited to:

a. Compensatory damages in an amount to be determined at trial for medical expenses, pain and

---

31. Paragraph 77 ADDED.
32. Paragraphs 78 – 84 RENUMBERED from Paragraphs 45 – 51.

suffering, and loss of enjoyment of life.

b. Punitive damages in an amount sufficient to punish Defendants and deter similar conduct in the future,

c. Medical expenses incurred due to health complications,

d. Emotional distress and mental anguish,

e. Prejudgment and postjudgment interest as permitted by law.

f. Attorneys' fees and costs associated with this action.

g. Any other relief that this Court deems just and proper.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants, awarding Plaintiff:

A. Enter judgment in favor of Plaintiff and against Defendants on all claims;

B. Award Plaintiff compensatory damages in an amount to be determined at trial for medical expenses, pain and suffering, and emotional distress;

C. For prejudgment and post judgment interest as permitted by law;

D. Award Plaintiff punitive damages in an amount to be determined at trial;

E. Award Plaintiff reasonable attorneys' fees and costs pursuant to applicable law;

F. Grant such other and further relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: August 21, 2024

Respectfully submitted,

/s/ Mark Appelgren

Mark Appelgren, Pro Se

3718 Columbia Pike, Apt. 2

Arlington, VA 22204

Phone: 201-232-1441

Email: Mark.Appelgren0701@yahoo.com

VERIFICATION

I, Mark Appelgren, verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: August 21, 2024

Mark Appelgren

Plaintiff, Pro Se