**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
MARK APPELGREN,

                        Plaintiff,              24-CV-5440 (JPO) (OTW)

          -against-                    **ORDER**

CITY OF NEW YORK, et al.

                        Defendants.
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of ECF Nos. 18, 19, 20, 21, 22, 23, 24, 25, and 27,[1] which are, generally, procedural motions relating to service of and deadlines concerning *pro se* plaintiff Mark Appelgren's ("Plaintiff" or "Appelgren") amended complaint ("AC") and the defendants' response to the AC.

Plaintiff brings this suit under 42 U.S.C. § 1983, the Violence Against Women Act ("VAWA"),[2] and New York state law, alleging, among other things, that the City of New York (the "City"), the New York City Mayor's Office (the "Mayor's Office"), the New York City Police Department ("NYPD"), and ten unnamed NYPD officers (the "Officers") (collectively, the "Defendants") violated Plaintiff's rights by failing to acknowledge his status as a domestic violence survivor when they failed to properly investigate and respond to Plaintiff's report of an assault that occurred on October 13, 2023. (*See generally*, ECF 1). For the following reasons, ECF Nos. 18, 20, 21, 23, 24, and 27 are **DENIED**, and ECF 19 is **GRANTED**.

---

[1] ECF 26 is Defendants' motion to dismiss the Amended Complaint.
[2] 42 U.S.C. § 13931 et cet.

**I.  Procedural History**

Plaintiff filed the Complaint on July 18, 2024, (ECF 1), and Judge Oetken referred this case to me for General Pretrial Management on July 24, 2024. (ECF 10). Plaintiff filed the AC on August 21, 2024, adding claims for (1) intentional infliction of emotional distress, (2) breach of trust, (3) breach of contract, (4) breach of duty, (5) failure to properly act, and (6) violation of New York's Criminal Procedure Law § 140.10. (*See generally*, ECF 16). Plaintiff has since filed at least six motions related to scheduling and service. (ECF 18, 20, 21, 23, 24, 27). On October 3, 2024, Defendants filed their motion to dismiss the AC, (ECF 26), which is still pending.

**II.  Plaintiff's Motion for an Adjournment of Proceedings (ECF 18)**

On August 28, 2024, both Plaintiff and Defendant requested an adjournment of the September 3, 2024, deadline to respond to the Complaint. (ECF 15, 18). Because I granted Defendants' motion on August 29, 2024, (ECF 17), Plaintiff's motion is **DENIED as moot**.

**III.  Plaintiff's Motions to Serve the Amended Complaint (ECF 20, 21, 24, 27)**

Plaintiff filed several motions seeking (1) an amended summons to reflect updates made in the AC, (ECF 24), and (2) an adjournment of all proceedings and deadlines pending the issuance and service of the AC. (ECF 20, 21).

Plaintiff filed the Complaint and filed proof of service for each defendant on July 18, 2024. (ECF 1, 5, 6, 7). Plaintiff then filed additional certificates of service on August 13 and August 15, 2024, showing that service had been made by a "Giovanni Kane."[3] (ECF 11, 12, 13). Plaintiff subsequently filed the AC on August 21, 2024. (ECF 16). Plaintiff asserts that on

---

[3] Plaintiff's original affidavits of service indicate that service was made by Plaintiff himself.

2

September 1, 2024, they served the AC on Defendants by email, and a physical copy was delivered on September 19, 2024. (ECF 27).

As Plaintiff acknowledges in his September 13, 2024, letter, (ECF 25), Plaintiff is not required to formally serve an amended summons on Defendants after the filing of the AC. Because Plaintiff timely served Defendants with the Complaint within the 90-day window under Rule 4 of the Federal Rules of Civil Procedure and subsequently served Defendants with the AC, Plaintiff's related motions at ECF Nos. 20, 21, 24 are **DENIED as moot**.

Further, Plaintiff filed a motion seeking acknowledgement by the Court that the AC was properly served. (ECF 27). Because service of the AC appears facially valid under the Federal Rules of Civil Procedure, Plaintiff's motion at ECF 27 is **DENIED as moot**.

### IV. Motions to Respond to the Amended Complaint (ECF 19, 24)

On September 3, 2024, Defendants filed a motion seeking to apply the October 3, 2024, deadline for the City to respond to the Complaint to the AC. (ECF 19). Plaintiff has also requested that Defendants be granted an appropriate amount of time to respond to the AC. (ECF 24).

Defendants' motion at ECF 19 is **GRANTED nunc pro tunc**. In light of this Order, and because Defendants filed their motion to dismiss by October 3, 2024, Plaintiff's motion at ECF 24 is **DENIED as moot**.

### V. Plaintiff's Motion to Dismiss Certain Defendants (ECF 20)

In Plaintiff's September 3, 2024, letter, Plaintiff appears to seek voluntary dismissal of the Mayor's Office, the NYPD, and the Officers under Rule 41(a). (ECF 20). Defendants' motion

3

to dismiss seeks to dismiss these same defendants, arguing that they are not suable entities per the New York City Charter. (ECF 26).

The parties are directed to meet and confer to discuss whether Plaintiff intends to voluntarily dismiss his claims against the Mayor's Office, the NYPD, and the Officers, and to file a joint status letter on the docket regarding the same by **Thursday, November 21, 2024**.

### VI. Plaintiff's Motion to Correct ECF 22 (ECF 23)

Finally, Plaintiff filed a "Motion to Correct a statement" made in ECF 22. (ECF 23). Plaintiff subsequently, however, filed another letter in which they sought to withdraw certain motions, including ECF 22. (ECF 25). Because Plaintiff has voluntarily withdrawn ECF 22, Plaintiff's motion at ECF 23 is **DENIED as moot.**

### VII. Conclusion

In sum, Defendants' motion at ECF 19 is **GRANTED nunc pro tunc**, and Plaintiff's motions at ECF Nos. 18, 20, 21, 23, 24, and 27 are **DENIED**. The parties are directed to meet and confer to discuss whether Plaintiff intends to voluntarily dismiss his claims against the Mayor's Office, the NYPD, and the Officers, and to file a joint status letter on the docket regarding the same by **Thursday, November 21, 2024**.

The Clerk of Court is respectfully directed to close ECF Nos. 18, 19, 20, 21, 23, 24, and 27.

**SO ORDERED.**

Dated: November 14, 2024
New York, New York

/s/ Ona T. Wang
**Ona T. Wang**
United States Magistrate Judge